22-1607, Grounds v. McDonough. Attorney Carpenter, you have reserved five minutes of time for rebuttal. Is that correct? I have, Your Honor. Thank you very much. All right. You may start, please. May it please the Court, Kenneth Carpenter appearing on behalf of Linda Grounds. Linda Grounds is the substitute appellant for her husband, Mr. Grounds, who died during the course of the proceedings. She was lawfully substituted in this matter. This appeal presents an issue of statutory interpretation of 38 U.S.C. 5303A. Mrs. Grounds relies upon the well-established rule of statutory interpretation that if the intent of Congress is clear, that that's the end of the matter, for both the Court as well as the agency must give effect to the unambiguously expressed intent of Congress. Your argument, you're trying to persuade the Court to disregard 38 C.F.R. 3.12 D. Not to disregard it, Your Honor, but to find as a matter of law that it cannot be applied by the VA, as it did in this case, as a basis to make an independent determination. Are you arguing that the VA made an incorrect application of that regulation? I'm arguing that they were prevented by law from applying that application because Congress speaks directly to what the circumstances are when a person is AWOL for 180 days continuously. And when a person is AWOL for more than 180 days, that person is considered, even if they have a other than honorable discharge, to be barred from VA benefits. That is a statutory bar, and the VA cannot create a subset of regulatory bars, when Congress has made the determination that the only circumstance in which a service member is going to be barred from benefits is if AWOLs are for more than 180 continuous days. Why are we not bound to follow our precedent in Garvey, which I read is addressing the very issue you just phrased for us? Well, with respect, Your Honor, Garvey is both distinguishable and not controlling. Garvey was a direct invalidity challenge. Mrs. Grounds did not challenge the validity of 3.12. What Mrs. Grounds did was to say to the court that the board erred as a matter of law by not following the mandate of the statute and by resorting to the regulation. Before us, what you're doing, because it's got to be a legal issue, is you have to challenge the validity of that regulation. You're challenging the regulation and saying that can't be applied in light of the statute, which I think is the same argument that you made previously in Garvey. No, Your Honor. It was a facial attack to the validity of the regulation, that the regulation itself, the entirety of that regulation, was inconsistent. We are talking only here about the subset of that regulation. You're building an attack here as well, maybe not facially, as you put it, but you're still attacking the application of the regulation. Well, let me come at it from a slightly different way, Your Honor. Below, we presented an issue to the Veterans Court of statutory interpretation, asking for the court to find that the statute controlled and not the regulation. Instead of addressing that issue, the Veterans Court relied upon the regulation. Why was that not Garvey all over again? Because in Garvey, we were looking at invalidating the regulation. We are not looking at invalidating the regulation here. But if the regulation is valid, how can you prevail? Because it doesn't apply. As I understand it, the regulation allows the VA to determine that shorter periods of AWOL time, shorter than 180 days, can be a regulatory bar to getting veterans benefits. If that's valid, then how do you prevail? But that's a misunderstanding of what the regulation actually says. What the regulation actually says is that a discharge or release because of offenses specified in paragraph D are considered to be issued under dishonorable conditions. So the willful and persistent misconduct that was found here is based on the repeated shorter periods of absence without leave. Right. And the record in this case confirms that he was not discharged on the basis of those violations. To the contrary, he took personal responsibility for both his behavior and his conduct and asked his command for a discharge in lieu of, or excuse me, for the good of the service. So you're saying his discharge wasn't because of one of the offenses. Rather, his discharge was because of his agreement. Correct. But that feels like application of the regulation to the facts of the case, which is something we wouldn't have jurisdiction over. Well, with respect to your honor, I believe that the distinction here is it is a question of law as to whether or not the statute controls the outcome of the determination by the secretary. Did the secretary exceed his authority under the regulation to take action to make a determination that this discharge should be considered under dishonorable conditions? I don't think I understand that distinction you're making. If the issue you're presenting is, does 5303 apply or does 3.12 apply, then we've already decided that 3.12 can apply. That was Garvey, right? No, Garvey simply upheld the validity of that regulation to make determinations as to willful and persistent misconduct. Right, because it further said that 5303 is not the exclusive basis on which the VA can determine that someone is not eligible for benefits, right? That's correct, your honor. But under the purview of the definition of the regulation of the offenses, the offenses were willful and persistent misconduct. These were offenses that occurred but were never prosecuted, and as a result there was no conviction, there was no due process determination that he had in fact been AWOL without justification, and therefore there is no offense here. There is simply a request. So I have Judge Stoll's question. If that's what this case is about, that's a factual finding that we don't have jurisdiction to review. And if I had asked the Veterans Court to make a factual finding, that would be correct, your honor. The issue that was presented below, the right of judicial review below that is provided by Congress, is that a veteran, or in this case a veteran's surviving spouse, has the right to present a question of law to the court below and get an answer. We got no answer. I guess I'm still lost on you got the answer in Garvey, which is 3.12 is valid. Well, with respect, your honor, the only answer we got in Garvey was that the regulation was not invalid. Not whether or not the regulation can, as it was in this case, misuse. If it was misused because the statute controls the outcome, meaning that there cannot be a determination of the underlying conduct as being willful and persistent because that conduct did not arise to the level provided for in the statute. The concern I have with your argument is it feels like an end run around our jurisdiction. I mean, we've interpreted the regulation. We've interpreted the statute. We've said that the regulation, that the VA has the authority to have the regulation, to have additional requirements for when somebody is entitled to benefits or not. And now if we're going to argue every time a district court or any court makes a determination that is incorrect in the law, that raises a legal interpretation of the statute or the regulation, that just feels really odd to me. Your honor, I agree that that would be odd. In this case, however, the facts are critically different than the facts were in Garvey. And Mrs. Grounds was the unintended victim of the application of this regulation. And if that regulation could not be applied because the statute controlled, under 501, the secretary has authority to promulgate regulations that are consistent with the laws. Now this court has held that 3.12d.4 was not invalid because it was globally consistent. In this case, we're talking about the specific application of that regulation that directly conflicts with the statutory criteria. And the statutory criteria sets out when an AWOL is the basis for a dishonorable violation. Excuse me, a bar to benefits. What the statute does is the statute bars benefits. What the regulation does is it provides the secretary for a separate regulatory authority to review independently whether there were or weren't underlying offenses that could be considered willful and persistent for the discharge to be considered dishonorable. His discharge was a voluntary discharge that was made at his request and approved by his command. And what authority do we have to review whether he was truly discharged for willful and persistent misconduct? Is that the kind of thing we have to review? That's precisely the point, Your Honor. You don't and the VA does not because the statute controls. The statute says there's only one circumstance in which... But it doesn't say only. It says when it's 180 days after a court-martial sentence, then you're definitely not eligible for benefits. And at Garber we were asked, is it the only way you can not be eligible? And we said very clearly that's not the only way. Well, with respect, Your Honor, that was not what was asked. That's what the court told us. We were not asked if that was the only. We said that it was inconsistent with, that it was a violation of the 501 authority of the secretary to promulgate that rule. Does it matter what was asked? If this court previously said in Garvey that the statute is not the only way and that the VA can promulgate regulations, it doesn't matter if something else was asked. That's absolutely right, Your Honor, but that does not preclude an appellant from challenging whether or not the statute does, under these circumstances, apply only. If we had simply gotten a decision from the Veterans Court that said that. That's what we said in Garvey. We said willful and persistent misconduct bar in a rule governing a character of a service member's discharge was not contrary to the statute that specified the conditions. We have already ruled on the issue that you're arguing. Well, with respect, Your Honor, I do not agree. What this court ruled on was whether or not willful and persistent misconduct. The question being asked in this appeal is whether or not, in light of the plain language of 5303A, is AWOL of less than 180 days willful and persistent misconduct. And in answering that question, we would look to the regulation as well. Yes, Your Honor. And you do not want us to look at the regulation. No, I encourage you to look at the regulation because the regulation does not say what the statute says. The regulation is taking upon the secretary a different role. You're not challenging the validity of the regulation. I am not challenging the validity of the regulation. Well, with respect, the regulation cannot be followed if the statute trumps it as a matter of law. Even though it's admittedly a valid regulation. Yes, Your Honor, because under the circumstances described in the regulation, which is the consideration of specific offenses. And those offenses do not arise as a matter of law to willful and persistent misconduct. And that's the case presented by this trial. Makes it well into your rebuttal time. Let's hear from the other side. May it please the court. The court's decision in Garvey is dispositive. The factual distinctions between this case and Garvey raised by Mrs. Grounds have nothing to do with the interpretation of 38 U.S.C. 5303A, which is the only issue that Mrs. Grounds has raised in this case. Regardless of whether Garvey presented a facial attack on 38 CFR 3.12 D4, the court clearly concluded that 5303A is not the exclusive test for benefits eligibility. And the statute therefore does not control the outcome as Mrs. Grounds counsel asserts. Mrs. Grounds has focused on the absence of a conviction related to Mr. Grounds' periods of AWOL. However, the court in Camarena v. Brown certainly considered this question in an unpublished decision, found that the absence of a sentence of a general court martial was not required to bar benefits based on 38 U.S.C. 101.2's definition of a veteran. And had Congress meant to require a conviction, it easily could have done so by simply stating that a veteran is anyone other than a person who has received a sentence of a dishonorable discharge. And if the court has no further questions. Well, just one. Do we have jurisdiction to reach the question of whether or not the board erred in finding that the discharge here was for willful and persistent misconduct? I believe that what Mrs. Grounds is raising is a question of application of a lot of fact. Mrs. Grounds has characterized this as a question of the interpretation of 5303A. In that case, the court does have jurisdiction. However, reading the briefs and based on the argument, it does sound like the argument is more one of whether 38 CFR 3.12D4, whether its term willful and persistent misconduct can apply to periods of AWOL of under 180 days here, roughly 130. So in that case, the court wouldn't have jurisdiction. Do you know whether Mr. Grounds ever applied to get the characterist discharge upgraded? I believe that, yes, he did. I believe three times, I think, we noted. And that was denied. And I will note that Mrs. Grounds' counsel also had argued, I believe, that a dishonorable discharge is required, but the language in 101.2 is conditions other than dishonorable. Therefore, the word discharge was specifically not included. Conditions was included, as described in the congressional hearings and Senate report that are included in our appendix. Are you familiar with the liberal consideration policy issued by the Department of Defense? I'm sorry, I didn't quite hear. Are you familiar with the liberal consideration policy issued by, was the request for an upgrade made after that policy was implemented? It was in 1974-84 and 2012. So I'm not certain when that policy was dated. And again, we believe that the court's decision in Garvey is dispositive. There is no misinterpretation by the Veterans Court of 38 U.S.C. 5303A. And if the court has no further questions, thank you. I have nothing further, Your Honors. Yes, go ahead, Mr. Tucker. I will take this case under advisement.